IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TIMKEN COMPANY,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>ROBERT BOSCH, LLC,<br><br>　　　　　Defendant. | CASE NO. 5:22-CV-00530-AMK<br><br>MAGISTRATE JUDGE AMANDA M. KNAPP<br><br>**MEMORANDUM OPINION AND ORDER** |

Before the Court is the Partial Motion to Dismiss, or in the alternative, Motion for a More Definite Statement (the "Motion") filed by Defendant Robert Bosch, LLC ("Bosch") on August 23, 2022. (ECF Doc. 26.)  The motion is fully briefed and ripe for decision. (ECF Docs. 27, 29.)  The parties have consented to the magistrate judge pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (ECF Docs. 11, 12.)  For the reasons set forth below, the Court DENIES the Motion.

**I.　　Background**

Timken filed its First Amended Complaint on August 2, 2022.  (ECF Doc. 25 ("Am. Compl.").)  The facts presented therein are accepted as true for purposes of this Motion.

Timken is a company that supplies Ford Motor Company ("Ford") with wheel-hub assemblies for use in the Ford F150, Expedition, and Navigator vehicles.  (Am. Compl. ¶¶ 2, 10.)  Bosch is a Tier 1 automotive supplier.  (*Id*. at ¶ 1.)  Timken and Bosch contracted for Bosch to provide Timken with custom made wheel-speed sensors that Timken would use in its wheel-hub

assemblies for Ford. (*Id.* at ¶¶ 2, 10.) The wheel-speed sensors are used in a vehicle's anti-lock braking system and must meet dimensional and quality requirements. (*Id.* at ¶¶ 2, 12.) Bosch was the exclusive supplier to Timken of DF11 and DF30 Sensors. (*Id.* at ¶¶ 21-22.)

Bosch supplied the sensors pursuant to purchase orders that incorporated Timken's Terms and Conditions of Purchase, including specific design and dimensional specifications (the "Timken Terms"). (*Id.* at ¶¶ 28-30, 32; *see also* ECF Doc. 25-2.) The Timken Terms included a warranty that Bosch would: (a) conform to the most updated version of drawings provided by or approved by Timken; (b) meet and perform in accordance with Timken specifications and requirements; (c) be of new manufacture and of the highest quality; (d) be free from defects in design, workmanship and material; (e) be of merchantable quality and fit for their intended purposes; and (f) comply with all applicable laws, regulations and standards. (*Id.* at ¶ 33.) Timken asserts the Timken Terms govern the contracts between the parties, but Bosch disputes that and contends that the terms set forth in its own written quotations (the "Bosch Terms") govern the contracts between the parties. (*Id.* at ¶¶ 14, 30-31.) The Bosch Terms include certain express warranties and technical specifications. (*Id.* at ¶¶ 15-19.)

A critical function and design characteristic of the DF11 and DF30 Sensors was a watertight seal in the sensor hole of the wheel-hub assembly to prevent corrosion of the vehicle's wheel bearings. (*Id*. at ¶ 23.) Consequently, specifications for the sensors required conformity in the O-ring groove diameter, the sensor barrel diameter, and the sensor mold parting line flash. (*Id*. at ¶ 24.) Timken accepted and incorporated Bosch's sensors into its wheel hub assemblies without knowledge of any defects or nonconformities, and paid Bosch in full for all sensors delivered and accepted. (*Id*. at ¶¶ 26-27.)

Timken made certain warranties to Ford and is obligated to reimburse Ford for warranty costs incurred by Ford and attributable to Timken's breach of warranty. (*Id.* at ¶¶ 41-42.) In 2019, Ford notified Timken of an increase in consumer warranty claims regarding the wheel-hub assemblies using the Bosch sensors. (*Id.* at ¶ 35.) Timken and Ford conducted a root cause analysis, which disclosed the Bosch DF11 and DF30 sensors did not conform to specifications in the O-ring groove diameter and sensor barrel diameter and allowed for water to come into the wheel-hub assembly through the sensor hole and cause corrosion. (*Id.* at ¶¶ 36-39.) As of September 30, 2021, Timken had reimbursed Ford approximately $13 million due to wheel-hub assembly claims attributable to the defective Bosch sensors. (*Id.* at ¶¶ 42-44.) Timken expects that it will continue to incur expenses from the defective sensors. (*Id.*)

Bosch failed and refused to meet its obligations under the applicable contracts, including: to reimburse Timken for costs associated with the discovery of the nonconformance; to repair, replace, or provide a refund for any affected products; to reimburse or compensate Timken for all damages; or to indemnify Timken. (*Id.* at ¶¶ 45-48.) Timken asserts the following claims for relief: (1) breach of contract; (2) breach of express warranty; (3) breach of implied warranty of merchantability; (4) breach of implied warranty of fitness; (5) indemnification; (6) unjust enrichment; and (7) declaratory judgment. (*Id.* at ¶¶ 49-84.)

## II. Standard of Review

Under Rule 12(b)(6), the Court may dismiss a claim when a party fails to plead facts on which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading must contain "a short and plain statement of

the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff is not required to include "detailed factual allegations," but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citation omitted). This Court "must construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Doe v. Miami Univ.*, 882 F.3d 579, 588 (6th Cir. 2018) (citation omitted).

Under Rule 12(e), a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). In light of notice pleading standards under Rule 8(a)(2) and the opportunity for extensive pretrial discovery, federal courts generally disfavor motions for a more definite statement. *See E.E.O.C. v. FPM Grp., Ltd.*, 657 F. Supp. 2d 957, 966 (E.D. Tenn. 2009); *Fed. Ins. Co. v. Webne*, 513 F. Supp. 2d 921, 924 (N.D. Ohio 2007). A more definite statement may be ordered when "a pleading fails to specify its allegations in a manner that provides sufficient notice." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002). The motion should not be granted if a complaint meets the notice pleading requirements of Rule 8(a)(2). *See E.E.O.C.*, 657 F.Supp.2d at 966.

### III. Discussion

Bosch does not seek to dismiss any of the seven causes of action asserted by Timken under Fed. R. Civ. P. 12(b)(6), but instead seeks to dismiss "the portion of Timken's Amended Complaint based on wheel speed sensors supplied prior to June 18, 2017" as barred by the statute of limitations. (ECF Doc. 26, p. 14.) In the alternative, Bosch seeks a more definite statement under Fed. R. Civ. P. 12(e) "to force [Timken] to allege necessary dates to determine whether there is a valid statute of limitations defense." (*Id.* at p. 23.)

4

A.      **Partial Motion to Dismiss under Rule 12(b)(6)**

In seeking to dismiss "the portion of Timken's Amended Complaint based on wheel speed sensors supplied prior to June 18, 2017," Bosch does not argue Timken failed to state a claim in any of its seven causes of action. It also does not identify what paragraphs or claims make up the "portion" of the pleading that would be subject to dismissal if the Motion were granted. And although it asserts that the statute of limitations has run as to sensors supplied before June 18, 2017, it acknowledges that Timken is seeking relief as to sensors supplied for several years after that date. (*Id.* at p. 10.)

"Generally, a motion under Rule 12(b)(6), which considers only the allegations in the complaint, is an 'inappropriate vehicle' for dismissing a claim based upon a statute of limitations." *Lutz v. Chesapeake Appalachia, L.L.C.*, 717 F.3d 459, 464 (6th Cir. 2013) (quoting *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir.2012)). However, dismissal may be warranted if "the allegations in the complaint affirmatively show that the claim is time-barred." *Cataldo*, 676 F.3d at 547. Thus, courts have dismissed claims where it was apparent from the face of the pleading that the claims were not brought until after the expiration of the applicable statute of limitations. *See, e.g., id.* at 547-52 (upholding dismissal of claims for breach of fiduciary duty as time-barred); *Toledo Museum of Art v. Ullin*, 477 F. Supp. 2d 802, 809 (N.D. Ohio 2006) (dismissing counterclaims where factual allegations established the counterclaims were not brought within the statute of limitations); *Partis v. Miller Equip. Co.*, 324 F. Supp. 898, 902-03 (N.D. Ohio 1970) (dismissing complaint where it appeared from the face of the pleadings that the action was not commenced within the applicable statute of limitations).

Here, Bosch does not argue that the factual allegations demonstrate any cause of action is time-barred. It is undisputed that each cause of action seeks relief for transactions that are not

5

time-barred. Instead, Bosch asks the Court to decide at the pleading stage which of the sales underlying Timken's claims are time-barred, and which are not. The parsing of how the statute of limitations applies among a series of transactions within a single cause of action is not typically the province of a Rule 12(b)(6) motion to dismiss. *See, e.g., North v. Cuyahoga Cnty.,* No. 1:15-CV-01124-DAP, 2015 WL 5522009, at *3 (N.D. Ohio Sept. 16, 2015) (denying motion to dismiss on statute of limitation grounds where at least some of the claimed violations were not time-barred).

"Motions to dismiss based on statute-of-limitation grounds should only be granted where undisputed facts 'conclusively establish the defense as a matter of law.'" *In re Nat'l Prescription Opiate Litig.*, 440 F. Supp. 3d 773, 787 (N.D. Ohio 2020) (quoting *Estate of Barney v. PNC Bank*, 714 F.3d 920, 926 (6th Cir. 2013)). Where there are disputed issues of fact relevant to that determination, "[t]he defense is more appropriately addressed in the context of a summary judgment motion or at trial." *Id.* (citing *Am. Premier Underwriters, Inc. v. Nat'l R.R. Passenger Corp.,* 839 F.3d 458, 464 (6th Cir. 2016)); *see also North*, 2015 WL 5522009, at *3.

Bosch has failed to show that the allegations in the Amended Complaint support a conclusive, bright-line determination as to which specific transactions contemplated in that pleading are (or are not) barred by the statute of limitations. Various disputed issues also make dismissal inappropriate. For example, a determination as to which warranty terms apply may impact the accrual date for the cause of action, *see* Ohio Rev. Code Ann. § 1302.98(B), but the parties disagree as to whether the Timken Terms and/or the Bosch Terms govern (Am. Compl. ¶¶ 14-19, 28-33; ECF Docs. 25-1, 25-2). Focusing on the Bosch Terms, the parties disagree as to whether the commencement of the warranty period was delayed until the vehicle was registered by the purchaser, creating an issue of fact, or whether that clause was limited by a later

clause stating the warranty period would start no later than six months after delivery of the part to Timken. (ECF Doc. 25-1, p. 2 (Section 7.1); ECF Doc. 27, pp. 17-18; ECF Doc. 29, p. 7.)

The Amended Complaint contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It does not consist of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. While some courts have found a dismissal appropriate under 12(b)(6) where it was clear from the pleading that the claim was asserted after the statute of limitations expired, that is not the situation here. Bosch's motion would not resolve any of the seven causes of action asserted in the Amended Complaint, and the relevant allegations do not "conclusively establish as a matter of law" that those claims, or even a well-defined subset of the transactions challenged in those claims, are barred by the statute of limitations.

Accordingly, the Court DENIES the Partial Motion to Dismiss.

**B.    Motion for More Definite Statement under Rule 12(e)**

Bosch moves in the alternative for a more definite statement under Rule 12(e), arguing that this relief is appropriate to "force [Timken] to allege necessary dates to determine whether there is a valid statute of limitations defense." (ECF Doc. 26, pp. 22-23.) In support, it notes that Timken removed information alleged in the initial Complaint that is relevant to Bosch's statute of limitations defense, such as "dates and vehicle model year references about the wheel speed sensors that Bosch supplied." (*Id.* at p. 23.) Timken responds that such information goes beyond the Rule 8 notice pleading standard, and would "impose an unprecedented, heightened pleading requirement" requiring that "Timken identify in advance and in explicit detail each one of Bosch's defective sensors for which Timken may seek damages." (ECF Doc. 27, p. 21.)

7

A more definite statement is appropriate under Rule 12(e) only where a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Rule 12(e) motions are disfavored and should not be granted where a pleading meets the notice pleading requirements of Rule 8(a)(2). *See E.E.O.C.*, 657 F.Supp.2d at 966. They are "designed to strike at unintelligibility rather than simple want of detail," and should not be used as a substitute for discovery. *See Fed. Ins. Co.,* 513 F. Supp. 2d at 924.

The Court held in Section III.A., *supra*, that the Amended Complaint meets the notice pleading requirements of Rule 8. Bosch is not seeking to establish that that the Amended Complaint, or even a discrete cause of action within that pleading, is barred by the statute of limitations. Instead, Bosch is looking for more certainty as to which individual sales within those causes of action may be subject to a statute of limitations defense. Those specific parameters need not be defined for Bosch to respond to the Amended Complaint. It has clearly indicated that it believes some transactions between the parties to be time-barred, while others are not. It may therefore respond to the substantive allegations in light of the non-time-barred transactions while preserving any defenses relating to time-barred transactions.

Bosch's criticism that Timken removed information relevant to the statute of limitations from the Amended Complaint does not change the analysis. As discussed above, disputes as to applicable facts and warranty terms preclude a determination at the pleading stage regarding the specific parameters of which transactions may be barred by the statute of limitations. The information removed by Timken was not necessary to state a claim for relief, and Bosch has not conclusively established as a matter of law that any claims would be barred if that information were included. Bosch may obtain more specific information through the discovery process.

Accordingly, the Court DENIES the Motion for More Definite Statement.

### IV. Conclusion

For the reasons set forth above, the Court DENIES Bosch's Partial Motion to Dismiss Plaintiff's First Amended Complaint under Rule 12(b)(6), or in the Alternative, Motion for a More Definite Statement Under Rule 12(e). Bosch is directed to file its Answer within 21 days, on or before June 28, 2023.

June 7, 2023

*/s/Amanda M. Knapp*
AMANDA M. KNAPP
United States Magistrate Judge